Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **RICHPORT LLC**<br><br>Recurridos<br><br>v.<br><br>**UNIVERSAL PROPERTIES REALTY GOVERNMENT SERVICES LLC Y OTROS**<br><br>Peticionarios | **KLCE202301258** | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.:<br>**BY2022CV1806 (505)**<br><br>Sobre:<br><br>**COBRO DE DINERO ORDINARIO Y OTROS** |

Panel integrado por su presidenta la juez Domínguez Irizarry, la juez Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de enero de 2024.

Comparece ante nos el Municipio de Luquillo, en adelante, Municipio o peticionario, solicitando que revoquemos la *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, en adelante, TPI-Bayamón, el día 29 de junio de 2023. En la recurrida resolución, el Foro Primario declaró "No Ha Lugar" en dos (2) solicitudes de desestimación, presentadas por el Municipio, en las que arguyó falta de jurisdicción en la demanda contractual y en cobro de dinero presentada en su contra, por Richport LLC, en adelante, Richport o recurrido.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el auto solicitado.

Número Identificador
RES2023_____

**I.**

El 1 de julio de 2020, el Municipio delegó en la co-demandada Universal Properties Realty Government Services, LLC, en adelante, Universal, la administración del Programa de Control de Estorbos Públicos, en adelante, Programa, entre otros servicios.[1] Entre las facultades otorgadas *por el acuerdo de las partes*, se encuentra la adquisición y venta de las propiedades declaradas como estorbo público a favor del Municipio.[2]

Ahora bien, el 8 de abril de 2022, Richport demandó a Universal por incumplimiento contractual, y alegó que le había entregado a Universal la suma de $479,000.00 dólares, como resultado de once (11) contratos de adquisición y expropiación.[3] Richport arguyó que Universal no le había entregado varias propiedades, objeto de los mencionados contratos. En su demanda, Richport incluyó al Municipio como co-demandado, alegando que este había incumplido con su deber de velar por el manejo de fondos públicos, ya que el dinero entregado por Richport a Universal debió ser depositado en una cuenta plica, entre otros reclamos.

El 24 de junio de 2022, el Municipio solicitó una prórroga para obtener copia de los contratos entre Richport y Universal, y cuarenta y cinco (45) días le fueron concedidos por el Foro Primario, el 27 de junio de 2022, mediante *"Orden"*.[4] El 9 de agosto de 2022 Richport presentó una *"Moción solicitando anotación en Rebeldía y Sentencia en Rebeldía"*, a la cual se opuso el Municipio el mismo día, además de presentar su *"Contestación a Demanda"*.[5]

El 7 de octubre de 2022, fue notificada una *"Orden"* del TPI-Bayamón, en la que denegó anotar la rebeldía del Municipio.[6]

---

[1] Apéndice del recurso, pág. 66.
[2] *Id.* págs. 68-70.
[3] *Id.* pág. 1.
[4] *Id.* págs. 21-23.
[5] *Id.* págs. 24-38.
[6] *Id.* pág. 39.

Por otro lado, el 27 de octubre de 2022, el Municipio presentó ante el Foro Primario dos mociones intituladas *"Solicitud de Desestimación de la Demanda, en cuanto al Municipio de Luquillo, por Falta de Jurisdicción sobre la Materia debido al incumplimiento con el Artículo 1.051 del Código Municipal"* y *"Solicitud de Desestimación de la Demanda, en cuanto al Municipio de Luquillo, por Falta de Jurisdicción sobre la Materia por Prescripción".*[7] El 16 de noviembre de 2022, Richport presentó su *"Moción en Oposición a Moción de Desestimación Presentada por el Municipio de Luquillo".*[8] Sin embargo, el 29 de junio de 2023, el TPI-Bayamón dictó una *"Resolución y Orden"* en la que declaró *"No Ha Lugar"* las dos (2) mociones de desestimación del Municipio.[9]

Luego, el Municipio presentó una *"Solicitud de Reconsideración"* el 14 de julio de 2023. El 13 de octubre de 2023, el Foro Primario denegó la solicitud de reconsideración del Municipio.

Inconforme con la decisión, el aquí peticionario presentó ante este Tribunal un recurso de *Certiorari*, el 16 de noviembre de 2023. En su solicitud, el Municipio hace los siguientes señalamientos de error:

> ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN POR FALTA DE JURISDICCIÓN SOBRE LA MATERIA CUANDO EL DEMANDANTE INCUMPLIÓ CON EL ARTÍCULO 1.051 DEL CÓDIGO MUNICIPIAL, INDISPENSABLE PARA PODER DEMANDAR AL MUNICIPIO DE LUQUILLO.

> ERRÓ EL TPI AL DENEGAR LA DESESTIMACIÓN DE LA DEMANDA POR PRESCRIPCIÓN DE LA RECLAMACIÓN DE DAÑOS, CUANDO EL TÉRMINO APLICABLE ERA EL DE UN (1) AÑO, DEBIDO A LA INEXISTENCIA DE UNA RELACIÓN CONTRACTUAL ENTRE EL MUNICIPIO Y RICHPORT.

---

[7] Apéndice del recurso, págs. 40-55.
[8] Id. pág. 56.
[9] Id. pág. 148.

El 27 de noviembre de 2023, la parte recurrida presentó su *"Oposición a Recurso de Certiorari bajo la Regla 37 del Reglamento del Tribunal de Apelaciones"*. Con el beneficio de la comparecencia de ambas partes, procedemos a atender el auto ante nos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar el dictamen de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). A diferencia del recurso de Apelación, la expedición de un *Certiorari* es discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del TPI, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el TPI, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios

evidenciarios, anotaciones de rebeldía, en *aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia*, entre otras. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para "ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. La precitada Regla 40 de Reglamento del Tribunal de Apelaciones supra, dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el TPI.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335-336 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

De ordinario, un tribunal apelativo no debe intervenir con el ejercicio de la discreción del TPI, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009); *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

### III.

El peticionario señala que el TPI-Bayamón erró al denegar las solicitudes de desestimación presentadas, en las que alegó falta de jurisdicción, por razón de la materia y prescripción.

Sin embargo, luego de una detenida lectura, y sosegado estudio de los documentos y alegatos presentados por las partes, este Tribunal no ha encontrado error, parcialidad o prejuicio manifiesto por el Foro Primario al emitir su dictamen.

Este Tribunal no encuentra justificación en derecho que amerite su revisión judicial en el caso de marras. Además, conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, no nos encontramos facultados para intervenir en el recurso de Certiorari que nos ocupa.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el auto solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones